IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| LEOURIETA B. GLASS, | ) | 8:11CV211 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| STATE OF NEBRASKA, et al., | ) | |
| | ) | |
| Defendants. | ) | |

    This matter is before the court on Defendants' Motions to Dismiss Plaintiff Leourieta Glass's ("Plaintiff" or "Glass") Complaint. For the reasons discussed below, the court finds that Glass has failed to meet the pleading requirements of Federal Rule of Civil Procedure 8.

## I. BACKGROUND AND SUMMARY OF COMPLAINT

    Glass's Complaint is very long and incredibly difficult to decipher. As best as the court can tell, Glass's Complaint is a collateral attack on prior administrative, federal, and state court judgments entered against her. Specifically, Glass challenges (1) this court's judgment in *Campos v. Barney G. Inc., et al.*, 8:06CV699 (D. Neb. 2006)[1]; (2) the Nebraska Equal Opportunity Commission's ("NEOC") finding that Glass retaliated against numerous tenants who brought claims of discrimination against her; (3) the Dakota and Douglas County District Courts' orders requiring that Glass's property be seized and sold at a sheriff's auction to satisfy the NEOC judgment; and (4) an appellate court order upholding the Douglas County District

---

[1]In *Campos*, the undersigned judge ordered Glass to pay $250,000.00 in punitive damages to Rigoberto Campos ("Campos") for violations of the Fair Housing Acts of 1968 and 1988. Campos was a tenant at a mobile home park owned by Glass in South Sioux City, Nebraska. (8:06CV699, Filing No. 14.) Glass named Campos as a defendant in this action. (Filing No. 1 at CM/ECF p. 1.)

Court's order to seize and sell Glass's property. (*See generally* Filing No. 1 at CM/ECF pp. 1-80; Filing No. 1-1, Attach. 1, at CM/ECF pp. 1-84.)

Glass has sued 46 individuals and state entities directly or indirectly involved in these proceedings. As best as the court can tell, Defendants include judges, former tenants of Glass's mobile home park, NEOC administrators and lawyers, state and county officials, individuals who purchased Glass's seized property at sheriffs' auctions, and two of Glass's stepchildren.

## II. MOTIONS TO DISMISS

Defendants argue, among other things, that Glass's Complaint is virtually incomprehensible and that she fails to comply with the general rules of pleading. (*See*, *e.g.*, Filing No. 95.) The court agrees. Federal Rule of Civil Procedure 8 requires that every complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief" and that "each allegation . . . be simple, concise, and direct." Fed. R. Civ. P. 8(a)(2), (d)(1). A complaint must state enough to "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint that fails to comply with Rule 8 may be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b) after allowing time to file an amended complaint. *Mangan v. Weinberger*, 848 F.2d 909, 911 (8th Cir. 1988).

A pro se plaintiff's allegations should be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002). However, pro se litigants must comply with the Federal Rules of Civil Procedure. *See Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984) ("[P]ro se litigants are not excused from failing to comply with substantive and procedural law.").

The court has carefully reviewed Glass's 164-page Complaint, as well as her 181 pages of attached exhibits. The Complaint consists of more than 800 numbered paragraphs and at least 60 legal theories. As best as the court can tell, the crux of Glass's argument is that prior administrative, federal, and state court judgments entered against her are all "void" for "lack of subject matter jurisdiction." While these collateral attacks are likely barred by doctrines of issue and claim preclusion, the court is reluctant to dismiss the Complaint in its entirety on these grounds. The Complaint is so long and convoluted that it cannot determine with any certainty which Defendants were parties to the prior proceedings or which claims Glass raised or could have raised in these prior proceedings.

Regardless, it is clear that Glass's Complaint fails to comply with the general rules of pleading set forth in Federal Rule of Civil Procedure 8. Specifically, Defendants' names are strewn throughout the 164-page Complaint, and Glass utterly fails to identify which allegations and legal theories relate to each Defendant. Further, Glass's allegations are unorganized, rambling, and virtually indecipherable. Apparently, Glass expects the court and the parties to sort through her voluminous Complaint in order to determine what allegations, if any, relate to each Defendant. The court will not undertake such a task.

IT IS THEREFORE ORDERED that:
1. Defendants' Motions to Dismiss (Filing Nos. 46, 48, 55, 81, 87, 94, 98, 100, 120, 122, 125, 127, 139, 182, 185, 187, and 190)[2] are granted to the extent they are consistent with this Memorandum and Order.

---

[2]Defendants raise numerous meritorious arguments in their Motions to Dismiss (e.g., failure to serve, entitlement to judicial immunity, quasi-judicial immunity, sovereign immunity, etc.) that the court need not address at this time because Glass's Complaint fails on its face. The court may revisit these arguments pending the filing of an amended complaint.

2.	On the court's own motion, the court will give Glass until **February 6, 2012**, to amend her Complaint in accordance with Rules 8 and 10 of the Federal Rules of Civil Procedure. Any amended complaint must clearly (1) set forth a short and plain statement of the claims against each Defendant; (2) state claims in numbered paragraphs limited to a single set of circumstances; (3) set forth each legal theory and how it relates to each Defendant.

3.	The court will dismiss this matter with prejudice if Glass fails to file an amended complaint or files an amended complaint that does not comply with Rule 8 pleading requirements. See *Mangan*, 848 F.2d at 911 ("A complaint that fails to comply with Rule 8 may be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b) after allowing time to file an amended complaint.").

4.	The clerk's office is directed to set a pro se case management deadline in this matter: February 6, 2012: Check for amended complaint and dismiss with prejudice if none filed or fails to comply with Rule 8.

5.	Glass's Motion for Recusal (Filing No. 179) is denied for the reasons set forth in the court's prior order denying Glass's previously-filed Motion for Recusal. (*See* Filing No. 152 at CM/ECF p. 2.)

DATED this 6th day of January, 2012.

> BY THE COURT:
> s/ Joseph F. Bataillon
> United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.