IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| LEOURIETA B. GLASS, | ) | 8:11CV211 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| STATE OF NEBRASKA, et al., | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on Plaintiff Leourieta Glass's ("Glass") "Motion for Change of Judge and the Appointment of a New Judge with Order for a New Trial that is Impartial and Fair," which the court liberally construes as a motion for recusal. (Filing No. 210.) Statutory disqualification standards for federal judges are set forth in 28 U.S.C. §§ 144 and 455. Recusal is required if the judge has a personal bias against a party or in favor of an adverse party, 28 U.S.C. §§ 144, 455(b)(1), or if the judge's "impartiality might reasonably be questioned," 28 U.S.C. § 455(a). Liberally construed, Glass's basis for seeking recusal in this matter is that the undersigned judge previously ordered Glass to pay "excessive fines" in a related case, *Campos v. Barney G. Inc., et al.*, 8:06CV699 (D. Neb. 2006).[1] (Filing No. 210 at CM/ECF p. 1.)

The court has carefully reviewed the record in this matter and in *Campos*, and finds that the ground Glass asserts in support of her Motion is inadequate to prompt the undersigned judge's disqualification. While Glass is surely dissatisfied with the court's decision in *Campos*, the United States Supreme Court has held that "judicial rulings alone almost never constitute a valid basis for a bias or partiality

---

[1] In *Campos*, the undersigned judge ordered Glass to pay $250,000.00 in punitive damages to Rigoberto Campos ("Campos") for violations of the Fair Housing Acts of 1968 and 1988. Campos was a tenant at a mobile home park owned by Glass in South Sioux City, Nebraska. (8:06CV699, Filing No. 14.)

motion. . . . Almost invariably, they are proper grounds for appeal, not for recusal." *Liteky v. United States*, 510 U.S. 540, 551 (1994). In addition, "opinions formed by the judge on the basis of facts introduced or events occurring in the course of . . . prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Id.* Here, Glass has not alleged any facts that would indicate any display of "a deep-seated favoritism or antagonism." In short, Glass has not made the necessary showing in this case. She has not established bias, prejudice, or partiality in this Motion (Filing No. 210), or in her prior motions for recusal (Filing Nos. 144 and 179), which the court has already considered and rejected.

IT IS THEREFORE ORDERED that: Glass's "Motion for Change of Judge and the Appointment of a New Judge with Order for a New Trial that is Impartial and Fair" (Filing No. 210), which the court liberally construes as a motion for recusal, is denied.

DATED this 3rd day of May, 2012.

BY THE COURT:

s/ Joseph F. Bataillon
United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.