IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| LEOURIETA B. GLASS, | ) | 8:11CV211 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| STATE OF NEBRASKA, et al., | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on its own motion.  For the reasons set forth below, Plaintiff Leourieta B. Glass's ("Glass") Complaint is dismissed with prejudice.

On June 9, 2011, Glass filed a 164-page Complaint that consisted of more than 800 numbered paragraphs and at least 60 legal theories.  (Filing No. 1.)  In response to Glass's Complaint, Defendants argued, among other things, that the Complaint failed to comply with the general rules of pleading set forth in Federal Rule of Civil Procedure 8.  (*See* Filing Nos. 46, 48, 55, 81, 87, 94, 98,100, 120, 122, 125, 127, 139, 182, 185, 187, and 190.)  The court agreed.  In a January 6, 2012, Memorandum and Order, this court stated:

> Glass's Complaint fails to comply with the general rules of pleading set forth in Federal Rule of Civil Procedure 8. Specifically, Defendants' names are strewn throughout the 164-page Complaint, and Glass utterly fails to identify which allegations and legal theories relate to each Defendant.  Further, Glass's allegations are unorganized, rambling, and virtually indecipherable.  Apparently, Glass expects the court and the parties to sort through her voluminous Complaint in order to determine what allegations, if any, relate to each Defendant. The court will not undertake such a task.
>
> On the court's own motion, the court will give Glass until February 6, 2012, to amend her Complaint in accordance with Rules 8

and 10 of the Federal Rules of Civil Procedure. Any amended complaint must clearly (1) set forth a short and plain statement of the claims against each Defendant; (2) state claims in numbered paragraphs limited to a single set of circumstances; (3) set forth each legal theory and how it relates to each Defendant.

. . . .

The court will dismiss this matter with prejudice if Glass fails to file an amended complaint or files an amended complaint that does not comply with Rule 8 pleading requirements. *See Mangan* [*v. Weinberger*, 848 F.2d 909, 911 (8th Cir. 1988).] ("A complaint that fails to comply with Rule 8 may be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b) after allowing time to file an amended complaint.").

(Filing No. 193 at CM/ECF p. 4.) The court later extended the time for Glass to file an amended complaint to April 9, 2012. (Text Order Dated January 19, 2012, at Filing No. 197).

As of this date, Glass has made no attempt to amend her Complaint. The court warned Glass that failure to amend her Complaint would result in dismissal of this matter with prejudice. Accordingly,

IT IS THEREFORE ORDERED that:

1.    Glass's Complaint is dismissed with prejudice. *See Mangan v. Weinberger, 848 F.2d 909, 911 (8th Cir. 1988)* ("A complaint that fails to comply with Rule 8 may be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b) after allowing time to file an amended complaint.").

2.    All pending motions are denied as moot.

3.     A separate judgment will be entered in accordance with this Memorandum and Order.

DATED this 3rd day of May, 2012.

BY THE COURT:


s/ Joseph F. Bataillon
United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.